# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M COMPANY AND 3M INNOVATIVE PROPERTIES COMPANY, | CIVIL NO. 06-4044 (MJD/AJB) |
| PLAINTIFFS | REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO CONSOLIDATE |
| v. | |
| MOLDEX- METRIC, INC., | |
| DEFENDANT. | |

This matter is before the court, United States Magistrate Judge Arthur J. Boylan, on Defendant's Motion to Consolidate Civil Action Case Nos. 03-5292 and 06-4044.

Based upon the file and documents contained therein, along with the memoranda and arguments of counsel, this Court **recommends** that Defendant's Motion to Consolidate [Docket No. 11] be **granted** as follows:

(a) The action assigned Civil Action No. 06-4044 be consolidated with the action assigned Civil Action No. 03-5292.

Dated:  12/1/06

                                          s/ Arthur J. Boylan
                                          Arthur J. Boylan
                                          United States Magistrate Judge

**MEMORANDUM**

**I.    BACKGROUND**

Moldex requests that this Court consolidate Civil Action Case Nos. 03-5292 and 06-4044. Case No. 03-5292 ("the 2003 Action") is a patent infringement case in which 3M claims Moldex infringed on three of 3M's patents relating to exhalation valves for respirator masks.  3M claims that Moldex infringed U.S. Patent No. RE 37,974 ("the Bowers '974 patent"), U.S. Patent No. 6,843,248 ("the Japuntich '248 patent"), and U.S. Patent No. 6,854,463 ("the Japuntich '463 patent").  These three patents "relate to the structure of an exhaust valve involving a curved valve seat and a flexible flap that bears against the seat and keeps the valve closed until the user exhales." [Docket No. 11]

Case No. 06-4044 ("the 2006 Action) is a recently filed patent infringement case in which 3M claims Moldex infringed on U.S. Patent No. 7,117,868 ("the Japuntich '868 patent") and U.S. Patent No. 6,959,709 ("the Curran '709 patent").  The Japuntich '868 patent was issued on October 10, 2006 and is a continuation of the application that led to the Japuntich '463 patent in the 2003 Action. The Curran '709 patent was issued on November 1, 2005 and relates to the method of attaching the exhaust valve to the mask.

3M's in-house counsel, Karl Hanson, prosecuted the Japuntich '248 patent, the Japuntich '463 patent, and the Japuntich '868 patent.  Karl Hanson is also listed as co-prosecutor on the Curran '709 patent.

3M alleges that Moldex's masks that have Ventex™ exhalation valves infringe on all of the patents asserted in the 2003 Action and the 2006 Action.  3M seeks damages and injunctive relief

against the Ventex™ mask.  In both actions, Moldex has answered and asserted the defenses of non-infringement, invalidity, and counterclaimed for declaratory judgments of non-infringement and invalidity.  Moldex also asserted the defense of inequitable conduct in the 2006 Action and has a motion pending to amend its answer and counterclaims in the 2003 Action to add the inequitable conduct defense.

Moldex asserts that all of the discovery in 2003 Action will be applicable to the 2006 Action and very little additional discovery will be needed in the 2006 Action.  Moldex also asserts that the witnesses from 2003 Action can be used in the 2006 Action.  Moldex argues that the only additional witnesses should be (1) the inventors from the Curran '709 patent; (2) the second attorney involved in the prosecution of the Curran '709 patent; and (3) a 3M witness on the subject of 3M's practice of Curran '709 patent invention.  Moldex also asserts that it will use the same experts for both actions.

3M argues that consolidation of the 2003 Action and the 2006 Action is inappropriate because the 2006 Action has barely begun whereas the 2003 Action has been ongoing for several years.  3M also asserts that the Curran '709 patent involves a completely different subject matter than the three patents at issue in the 2003 Action.  3M argues that the patents in the 2003 Action involve "an exhalation valve having a cantilevered flap design that is configured so that the flap is pressed against the seal surface on the valve in all orientations of the mask.  In contrast, the Curran '709 patent is directed to a method of attaching a valve to a respirator mask."  [Docket No. 17].

**Legal Standard**

A court may consolidate cases that involve "a common question of law or fact" in order "to avoid unnecessary costs or delay."  Fed. R. Civ. P. 42(a).  "In deciding whether consolidation is appropriate, the court must balance the savings of time and effort resulting from consolidation against

3

any inconvenience, delay or expense that it would cause." *Powell v. Nat'l Football League*, 764 F. Supp. 1351, 1359 (D. Minn. 1991).

**II.    DISCUSSION**

The Court finds that the savings of time and effort resulting from consolidation of these actions outweighs any inconvenience, delay, or expense that it might cause to 3M. First, both cases involve a common question of law as it relates to 3M's patent infringement claims against Moldex. Both cases also have a common question of fact in terms of the patents asserted in both cases. While it is true that the 2003 Action and the 2006 Action are at very different stages, much of the same discovery from 2003 Action can be used in the 2006 Action.

The damage analysis will be the same in both cases because each case involves Moldex's accused Ventex™ product and 3M's competing Cool Flow™ product. Moldex is also asserting the same defenses in both cases which implicate common questions of law and facts. The Court finds that there would be overlap in the claim construction analysis as it relates to the Japuntich '868 patent in the 2006 Action and the Japuntich '248 and '463 patents in the 2003 Action. Moldex also plans to use the same expert witnesses in both cases and it is likely 3M would too.

The consolidation of these cases would also not cause undue delay in the resolution of these matters because the parties can meet with the Magistrate Judge for a revised scheduling order so that the schedule is set up to lead to a quicker resolution of these actions than if the they remained separate. Finally, the consolidation of these cases would eliminate the risk of inconsistent results.

**III.    CONCLUSION AND RECOMMENDATION**

Accordingly, this Court **recommends** that Defendant's Motion to Consolidate [Docket No.

4

11] be **granted**.

AJB

**NOTICE**

Pursuant to Local Rule 72.2 (b), a party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **December 15, 2006.**